**SIGNED THIS: July 19, 2019**

_____
**Mary P. Gorman**
**United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | Case No. 19-70152 |
| TERRY L. LITTIG, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

## O P I N I O N

Before the Court is a Third Amended Motion to Avoid Judicial Lien on Real Estate filed by the Debtor. For the reasons set forth herein, the motion will be granted, in part, and denied, in part. The judicial lien will be partially avoided to the extent that it impairs the Debtor's exemption in his homestead.

### I. Factual and Procedural Background

Terry L. Littig ("Debtor") filed his voluntary petition under Chapter 7 of the

Bankruptcy Code on February 6, 2019. On his Schedule A/B, the Debtor listed an ownership interest in real estate located at 896 Mueller Road, Bluffs, Illinois. The Debtor valued the property at $90,147.00, described it as a manufactured or mobile home and land, and claimed an exemption in the property under the Illinois homestead exemption. On his Schedule D: Creditors Who Have Claims Secured by Property, the Debtor scheduled the Farmers State Bank & Trust Company as holding a mortgage in the amount of $70,100.13 on his residence and real estate. The Debtor also scheduled a nonpriority unsecured debt owed to the Bank of Bluffs in the amount of $88,609.56, describing the debt as arising from a money judgment.

An initial motion to avoid lien was filed by the Debtor on March 12, 2019, seeking to avoid, in its entirety, a judicial lien held by the Bank of Bluffs on his homestead. A deficiency notice was issued for lack of service on an officer or agent authorized to receive service for the Bank of Bluffs and because the motion failed to provide all information required to avoid a judicial lien. First and second amended motions to avoid lien were subsequently filed but not heard on their merits due to similar deficiencies. On May 24, 2019, the Third Amended Motion to Avoid Judicial Lien on Real Estate ("Third Amended Motion") was filed by the Debtor.

In the Third Amended Motion, the Debtor states that, on July 6, 2017, the Bank of Bluffs obtained a judgment against him in Scott County, Illinois, in the amount of $88,609.56. Subsequent to obtaining the judgment, the Bank of Bluffs recorded a memorandum of judgment in the land records in Scott County, Illinois, creating a judicial lien against all of the Debtor's real property located in Scott

County, including his homestead. The Debtor alleges that there is a $70,100.13 mortgage on the property and states that he claimed the property as exempt as his homestead. He argues that the Bank of Bluffs' judicial lien impairs his exemption in his homestead and should be avoided.

The Bank of Bluffs, finally having been properly served with the Third Amended Motion, filed no objection to the proposed lien avoidance and did not appear at the hearing on the Third Amended Motion. Nevertheless, at the hearing, the Court noted that, even if all of the factual allegations of the Third Amended Motion were admitted due to the lack of objection, there was sufficient equity in the real estate to support a portion of the Bank of Bluffs' lien. The Court questioned the Debtor's counsel about whether the entire lien could be avoided as a matter of law. The Debtor's attorney asserted that there is case law from the bankruptcy courts in both the Southern and Central Districts of Illinois that supports the avoidance of a judicial lien in its entirety notwithstanding the existence of equity to support a portion of the lien. The Court directed the Debtor's counsel to submit a memorandum of law on the issue.

The memorandum of law has been submitted. The matter is now ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-Bankr. LR 4.1; *see* 28 U.S.C. §157(a). Determinations of the validity, extent, or priority of liens are core

proceedings. 28 U.S.C. §157(b)(2)(K). This matter arises from the Debtor's bankruptcy itself and from the provisions of the Bankruptcy Code and may therefore be constitutionally decided by a bankruptcy judge. *See Stern v. Marshall*, 564 U.S. 462, 499 (2011).

### III. Legal Analysis

Section 522(f)(1)(A) of the Bankruptcy Code generally allows a debtor to avoid the fixing of a judicial lien on an interest in the debtor's property, limited to the extent that such lien impairs a debtor's claimed exemption. 11 U.S.C. §522(f)(1)(A). To avoid a lien under §522(f)(1)(A), three requirements must be met: (1) the lien sought to be avoided must be a judicial lien; (2) the judicial lien must impair an exemption claimed and to which the debtor is entitled; and (3) the debtor must have an interest in the property. *In re Harris*, 482 B.R. 899, 901 (Bankr. N.D. Ill. 2012). The purpose of §522(f) is to enhance the debtor's fresh start. *In re Meincke*, 2004 WL 1175129, at *2 (Bankr. C.D. Ill. May 21, 2004) (Perkins, J.).

A judicial lien is defined as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. §101(36). Illinois law provides that a judgment is a lien on real property only when a transcript, certified copy, or memorandum of the judgment is recorded in the county in which the real estate is located. 735 ILCS 5/12-101. The Debtor's interest in his homestead property and the validity of the Bank of Bluffs' judicial lien are not in dispute. Thus, the only issues before the Court are whether the judicial lien impairs the Debtor's homestead exemption and, if so, to what extent.

The Bankruptcy Code provides a mathematical formula for determining the extent of impairment under §522(f) as follows:

> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of —
>   (i) the lien;
>   (ii) all other liens on the property; and
>   (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. §522(f)(2)(A).

Where the value of the property is insufficient to fully satisfy a mortgage, senior lien, or the exemption, the judicial lien will be wholly avoidable. *Meincke*, 2004 WL 1175129, at *2-3. The majority of courts, however, interpret the plain meaning of §522(f) to permit only the partial avoidance of a judicial lien where there is equity remaining in the property that supports a portion of the judicial lien. *In re Bono*, 2013 WL 1136905, at *2 (Bankr. C.D. Ill. Mar. 19, 2013) (Fines, J.); *In re Nichol*, 2009 WL 412890, at *5-6 (Bankr. N.D. Ill. Feb. 6, 2009); *In re Vokac*, 273 B.R. 553, 556 (Bankr. N.D. Ill. 2002); *Sheth v. Affiliated Realty & Mgmt. Co. (In re Sheth)*, 225 B.R. 913, 918 (Bankr. N.D. Ill. 1998).

Two different, albeit similar, formulas have been used by courts in calculating the extent of impairment. The first formula subtracts the sum of all liens, including the judicial lien, and the exemption from the value of the property. *Sheth*, 225 B.R. at 918. Where the resulting figure is a negative number, that amount represents the extent to which the exemption is impaired. *Id.* If that figure is less than the amount of the judicial lien, then the difference between the two figures is the amount in which the judicial lien will survive.

An alternate formula subtracts all liens, other than the lien sought to be avoided, and the exemption from the value of the property. *See In re Kolich*, 273 B.R. 199, 204 (8th Cir. B.A.P. 2002) (citing *In re Brantz*, 106 B.R. 62, 68 (Bankr. E.D. Pa. 1989)); *In re Pearson*, 428 B.R. 533, 536-44 (Bankr. D. Colo. 2010). If the final result is negative, then the entire lien is avoidable, but if it is positive, then the lien is avoidable only to the extent that it exceeds that amount. *Bono*, 2013 WL 1136905, at *2; *Meincke*, 2004 WL 1175129, at *3. Both formulas render the same result.

The Debtor claims that if any part of a judicial lien impairs an exemption, the entire lien may be avoided and relies on *In re VanZant*, 210 B.R. 1011 (Bankr. S.D. Ill. 1997), in arguing that the Bank of Bluffs' entire lien should be avoided. But the facts in *VanZant* do not support the Debtor's argument. In *VanZant*, the debtor's residence was valued at $27,000 and was encumbered by a mortgage in the amount of $22,123.77 and a judicial lien in the amount of $34,722.51. *Id.* at 1013. The debtor claimed a $7500 homestead exemption in the property and sought to avoid the entire judicial lien. *Id.* The value of the property was insufficient to satisfy the mortgage and the exemption, leaving no equity that could support any portion of the judicial lien. Thus, the *VanZant* court did not have to determine if partial avoidance was appropriate and properly avoided the entire judicial lien.

There is broad language contained in *VanZant* that suggests that a judicial lien should be avoided in its entirety regardless of whether there is equity remaining in the property that could support a portion of the lien. The court in *VanZant* stated that "when a debtor has no equity in the property above a

mortgage senior to the judicial lien or when the amount of such equity is less than the amount of the lien and/or the exemption, the judicial lien will be avoided in its entirety." *Id.* at 1014. The Debtor specifically relies on this language in his motion. But not only is this broad language dicta and therefore not precedential, if followed, it would create an inequitable result. Under such reasoning, a judicial lien that impairs a debtor's exemption by one dollar would be wholly avoidable. As a result, the debtor or the bankruptcy estate would realize a windfall from the avoidance of the entire judicial lien, while the creditor's claim would be wholly unsecured because of one dollar. Such a result goes beyond giving the debtor a "fresh start." There is no fair reading of the statute that would support avoiding a judicial lien beyond the amount necessary to protect a debtor's exemption.

The Debtor also cites *In re Schmidt*, 2000 WL 33950749, at *1 (Bankr. C.D. Ill. Mar. 23, 2000), in his memorandum of law. But the bare-bones opinion in *Schmidt* offers no facts or mathematical calculation demonstrating what the actual impairment to the debtor's exemption was in the case. Although *Schmidt* did adopt the broad language of *VanZant* in avoiding a judicial lien in its entirety, there is no indication in *Schmidt* that the issue of partial avoidance was even before it. Subsequent cases from the bankruptcy courts in the Central District of Illinois have adopted the majority view. *See Bono*, 2013 WL 1136905, at *2; *Meincke*, 2004 WL 1175129, at *3.

Here, the circumstances are distinguishable from those in *VanZant*. According to the Debtor's schedules, the real estate has a value of $90,147.00. There is a $70,100.13 mortgage on the property, and the judicial lien subject to the motion is for $88,609.56. The Debtor's homestead exemption is $15,000. 735

ILCS 5/12-901. The sum of the mortgage ($70,100.13), the judicial lien ($88,609.56), and the homestead exemption ($15,000) is $173,709.69. This total exceeds the value of the Debtor's real estate by $83,562.69. The Debtor's exemption is impaired by that amount and that amount should be avoided.

The difference between the amount of the judicial lien ($88,609.56) and the extent of impairment ($83,562.69) is $5046.87, and that represents the amount of equity in the property that continues to support the judicial lien. Under the alternate formula, the same result is reached. The value of the property ($90,147) minus the mortgage ($70,100.13) and the exemption ($15,000) equals $5046.87.

There is nothing in the Bankruptcy Code that requires that the excess equity be preserved for the debtor or for the bankruptcy estate instead of partially supporting the existing judicial lien. *Nichol*, 2009 WL 412890, at *6. Where there is equity remaining that supports a lien in part, that amount of the lien should not be avoided. Thus, the judicial lien will not be avoided to the extent of $5046.87.

### IV. Conclusion

The Debtor's Third Amended Motion will be granted, in part, and denied, in part. The Bank of Bluffs' judicial lien will be avoided to the extent of $83,562.69. The $5046.87 of the judicial lien supported by the value of the Debtor's property will not be avoided.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###